DEAJESS MEDICAL IMAGING, P.C., as assignee of Arsen Aipapetian and the other injured persons in the attached rider, Plaintiff,

v.

TRAVELERS INDEMNITY COMPANY, Defendant.

No. 03 Civ. 8517(LLS).

United States District Court, S.D. New York.

July 12, 2004.

Law Offices of Moshe D. Fuld, P.C. (David Karp, of counsel), New York City, for plaintiffs.

Caulfield Law Office (Michael J. Caulfield, of counsel), New York City, for defendant.

Opinion

STANTON, District Judge.

Defendant moves to sever the different claims of this action pursuant to Fed.R.Civ.P. 21 and, if severance is granted, to dismiss this action in its entirety for lack of diversity jurisdiction, as the individual claims do not meet the $75,000 amount in controversy requirement.

Plaintiff seeks to recover payment for medical imaging services provided to thirty-three individuals. Each of those individuals assigned their no-fault insurance benefits to plaintiff, in order to get medical treatment. As the following examples offered by the defendant demonstrate, the assigned claims were denied for a variety of reasons:

8. For example, plaintiff seeks $1,757.34 as assignee of Andre Creary (3rd cause of action). Creary was reportedly injured in a car accident on July 3 or 4, 2002. There were six persons in the Honda driven by Creary. He applied for no-fault benefits on July 5, 2002. He reportedly had an MRI of his back on July 26, 2002 at Deajess. On August 26, 2002 Deajess was advised that its claim was delayed so that Travelers could investigate the claim. Based on that investigation and non-cooperation with same the claim was subsequently denied. . . .

9. Plaintiff seeks $1,790.67 as assignee of Valeriy Gaspanov (6th cause of action). Gaspanov was reportedly injured in a car accident on December 24, 1999. After applying for no-fault benefits, she reportedly had an MRI of her right shoulder at Deajess on February 28, 2000. The claim was denied and on September 13, 2002 referred by Deajess' former counsel Rubin & Licatese, to arbitration. On August 27, 2003 the claim was withdrawn with prejudice. . . .

10. Plaintiff seeks $2,666.17 as assignee of Alain Mathieu (15th cause of action). Mathieu was reportedly injured in a car accident on August 27, 2001. He applied for no-fault benefits on September 14, 2001 and November 1, 2001. On the first application he stated he was a passenger in a 1990 Ford and sustained right knee and

back injuries. On the second application he stated he was a passenger in a 1996 Honda and sustained head, neck and back injuries. He reportedly had MRIs of his neck and head and back at Deajess on September 15, 2001 and October 1, 2001, respectively. On November 8, 2001 Deajess was advised that its claim was delayed so that Travelers could investigate the claim. Based on inconsistencies in information obtained from the persons involved in the accident the claims were denied and referred to the N.Y. State Insurance Department Frauds Bureau....

11. Plaintiff seeks $3,544.84 as assignee of Zinovij Rapoport (19th cause of action). Rapoport was reportedly injured in a car accident in New Jersey on January 3, 2002. He applied for no-fault benefits on March 25, 2002. He reportedly had MRIs performed at Deajess. The medical necessity for these MRIs was disputed and rejected by Travelers through a process known as peer review. The peer doctor recommended "no reimbursement". Accordingly, the claim was denied....

April 23, 2004 Affirmation of Michael Caulfield, Esq. at 3–5.

Establishing the propriety of each denial will require different witnesses and documentary proof on such issues as coverage, medical necessity, fraud, and cooperation on the part of the insured. Each individual claimant applied separately for no-fault benefits, and assigned the claim to Deajess. Thus, although facially presented as a single unit of similar claims, the trial would require a jury to hear evidence from the participants in thirty-three separate accidents, treatments, claims and investigations. Plaintiff argues that many of the claims may settle, but claims settle because courts are ready to try them, and under the complaint the court must consider the practicalities of thirty-three trials in one proceeding. That demands severance.

Similar rulings have been made by three (out of five) judges in this district. See *Boston Post Road Medical Imaging, P.C. a/a/o Josephine Abreu et al. v. State Farm Mut. Auto. Ins. Co. et al.,* Docket No. 03 Civ. 6643 (S.D.N.Y.2004) (Hellerstein, J.); *Deajess Medical Imaging, P.C. a/a/o Richard Benbow et al. v. Travelers Prop. Casualty Ins. Co.,* Docket No. 03 Civ. 6635 (S.D.N.Y. 2004) (Buchwald, J.); *Preferred Medical Imaging, P.C. a/a/o Senatus Cilvain et al. v. Allstate Ins. Co.,* Docket No. 03 Civ. 6638 (S.D.N.Y.2004) (Marrero, J.). Only in one case has a motion to sever been denied. See *Boston Post Road Medical Imaging, P.C. a/a/o Wilmore Allen et al. v. Travelers Prop. Casualty Ins. Co.,* Docket No. 03 Civ. 6156 (S.D.N.Y.2004) (Baer, J.). Judge Scheindlin held in *Boston Post Road Medical Imaging, P.C. a/a/o Manuel Acevedo et al. v. Allstate Ins. Co.,* Docket No. 03 Civ. 6150 (S.D.N.Y. 2004), that plaintiffs could aggregate their claims but did not address the issue of severance.

Defendant's motion to sever is granted, and this action is dismissed without prejudice for lack of subject-matter jurisdiction.

So ordered.